017-018-3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANUWAVE LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ROYAL FINANCIAL, INC., | ) | |
| d/b/a ROYAL SAVINGS BANK | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Anuwave, LLC ("Anuwave" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Royal Financial, Inc., d/b/a Royal Savings Bank, (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Anuwave, from U.S. Patent No. 8,295,862 (the "'862 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Anuwave is a Texas entity with its principal place of business at 1333 McDermott Drive, Suite 150, Allen, TX 75013.

3. Upon information and belief, Defendant is a Delaware corporation, having a principal place of business at 9226 S Commercial Ave. Chicago IL 60617. Upon information and belief, Defendant may be served with process through its Resident Agent at 222 N LaSalle St. Suite 2400, Chicago, IL 60601.

**JURISDICTION AND VENUE**

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having branches and employees in Illinois, as well as because of the injury to Anuwave, and the cause of action Anuwave has risen, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this judicial district.

7. Defendant has conducted and does conduct business within the state of Illinois, including the geographic region within the Northern District of Illinois, directly or through intermediaries, resellers or agents, or offers and advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Illinois, including this judicial district, that infringe the '862 patent.

8. Specifically, Defendant solicits business from and markets its services to consumers within Illinois, including the geographic region within the Northern District of Illinois, by offering text banking services for said Illinois consumers enabling them to communicate with other parties using said connection.

9.     In addition to Defendant's continuously and systematically conducting business in Illinois, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Illinois, including the geographic region within the Northern District of Illinois, such as Defendant's use of text banking services that include features that fall within the scope of at least one claim of the '862 patent.

10.    Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FACTUAL ALLEGATIONS

11.    On October 23, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '862 patent, entitled "Method and system to enable communication through SMS communication channel" after a full and fair examination. (Exhibit A).

12.    Anuwave is presently the owner of the patent, having received all right, title and interest in and to the '862 patent from the previous assignee of record. Anuwave possesses all rights of recovery under the '862 patent, including the exclusive right to recover for past infringement.

13.    The '862 patent contains two independent claims and five dependent claims. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '862 patent.

14.    The invention claimed in the '862 patent comprises a method for enabling communication through SMS that lists all services at a terminal station available with an SMS gateway according to meta information found at the terminal station.

15.    The method allows a user to type in a desired parameter not listed at the terminal station using a network aware application. When the request is submitted to the SMS gateway, the gateway issues a response.

## DEFENDANT'S PRODUCTS

16. Defendant offers text banking services for individuals and businesses, such as the "Text Banking" system (the "Accused Instrumentality"), that enable communication through an SMS channel, whereby any of Defendant's customers can use their own SMS-enabled mobile device to quickly access basic account information using text commands, as recited in the preamble of claim 7 of the '862 patent.[1] For example, as shown in Defendant's website, the Accused Instrumentality enables users to receive bank services via SMS messages.[2]

17. As recited in the first step of claim 7, the Accused Instrumentality lists all services at a terminal station available with an SMS gateway according to meta information found at the terminal station. For example, as shown in Defendant's website, the Accused Instrumentality shows all available services and their corresponding commands when a user of a mobile phone sends the text "HELP" to a certain SMS code. The SMS gateway further lists available services based upon the user's accounts and preferences which are linked to the user's mobile number used to register to the Accused Instrumentality.[3]

18. As recited in the second step of claim 7, the Accused Instrumentality includes, upon selecting a service, a network aware application configured to allow a user to type in a desired parameter. For example, a user can select the option to transfer funds between accounts by entering the corresponding "TRANS" command followed by the amount to be transferred (i.e. a desired parameter) in order to request the transfer of funds from one account to another.[4]

19. As recited in the third step of claim 7, the Accused Instrumentality includes, upon user entering a desired parameter, submitting a request to the SMS gateway. For example, as

---

[1] http://www.royalbankweb.com/home/online/text.
[2] *Id.*
[3] *Id*
[4] *Id.*

shown in the Text Message Banking demo, the Accused Instrumentality allows a user to request and receive account information by sending a text message to 454545.[5] Upon information and belief this number is a Common Short Code to route messages from the user to the SMS messaging server.[6]

20. As recited in the fourth step of claim 7, the Accused Instrumentality includes the SMS gateway responding back with a response. For example, in reference to paragraph 18, and as shown in the Text Message Banking demo, the SMS gateway shows whether the transfer was successful or not.[7]

21. As recited in the fifth step of claim 7, the Accused Instrumentality includes a desired parameter that is not listed at the terminal station. For example, in reference to paragraph 18, and as shown in the Text Message Banking demo, the amount the user enters in combination with the "TRANS" service command is not listed at the terminal station, but rather the amount is provided by the user.[8]

22. The elements described in paragraphs 16-21 are covered by at least claim 7 of the '862 patent. Thus, Defendant's use and/or making of the Accused Product is enabled by the device described in the '862 patent.

## INFRINGEMENT OF THE '862 PATENT

23. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 22.

24. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '862 patent.

---

[5] https://vimeo.com/user20064541/review/84329254/4215d74019.
[6] https://www.usshortcodes.com/info/about_short_codes/faqs/
[7] https://vimeo.com/user20064541/review/84329254/4215d74019.
[8] *Id.*

25. Defendant has had knowledge of infringement of the '862 patent at least as of the service of the present complaint.

26. Defendant has directly infringed and continues to directly infringe at least claim 7 of the '862 patent by making and/or using, the Accused Instrumentality through its website without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '862 patent, Plaintiff has been and continues to be damaged.

27. By engaging in the conduct described herein, Defendant has injured Anuwave and is thus liable for infringement of the '862 patent, pursuant to 35 U.S.C. § 271.

28. Defendant has committed these acts of infringement without license or authorization.

29. As a result of Defendant's infringement of the '862 patent, Anuwave has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

30. Anuwave will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Anuwave is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## **DEMAND FOR JURY TRIAL**

31. Anuwave demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Anuwave prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '862 patent either literally or under the doctrine of equivalents;

b. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '862 patent;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Anuwave for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e. That Defendant be directed to pay enhanced damages, including Anuwave's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f. That Anuwave have such other and further relief as this Court may deem just and proper.

Dated: October 21, 2016            Respectfully Submitted,

                                   By: /s/ Frank Andreou
                                   Andreou & Casson, Ltd.
                                   661 West Lake Street
                                   Suite 2 North
                                   Chicago, Illinois 60661-1034
                                   Tel (312) 935-2000
                                   Fax (312) 935-2001

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
ANUWAVE, LLC**